IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Samuel Lamont McCollough, | ) | C/A No. 0:05-2049-CMC |
| | ) | Cr. Nos.  0:00-672 and 3:00-870 |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| -versus- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. The Petition was filed in this court on July 19, 2005, nearly three (3) years after Petitioner's sentence became final. Respondent moved for summary judgment on August 11, 2005, to which Petitioner responded on September 14, 2005. For the reasons stated below, this petition is dismissed.

Petitioner pleaded guilty to a single count indictment on October 25, 2000, charging violation of 18 U.S.C. §§ 2113(a) and (d). On January 17, 2001, Petitioner entered a guilty plea to a felony information charging a violation of 18 U.S.C. § 2113(a) and 2. On May 24, 2001, the Honorable Dennis W. Shedd sentenced Petitioner to 160 months' imprisonment as to each charge, with the sentences to run concurrently.[1] Petitioner appealed his conviction and sentence, which were affirmed on January 30, 2002. *See United States v. McCollough*, 32 Fed. Appx. 33 (4th Cir. 2002). Petitioner did not file the instant § 2255 petition until July 19, 2005, approximately three years after his conviction became final.

---

[1] Judge Shedd has since been elevated to the Fourth Circuit Court of Appeals. This matter has accordingly been transferred to the undersigned for disposition of post-conviction matters.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2255 within one year of his or her conviction becoming final. A Petitioner's conviction becomes final when a habeas petitioner's time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmance of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003).

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct,

(3) that prevented [his] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements. Petitioner has presented no evidence that he, at any point during the past three years, attempted to make any of the arguments he now asserts, nor has he made any claim he was duped by some action of Respondent into not timely filing a § 2255 petition. Petitioner's claims that the *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), decisions have some application do not relieve Petitioner from the fact that his petition is time-barred.

    IT IS THEREFORE ORDERED that this petition is **dismissed with prejudice** as being untimely filed.

    **IT IS SO ORDERED**.

                                      s/ Cameron McGowan Currie
                                      CAMERON McGOWAN CURRIE
                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 19, 2005

C:\temp\notesB0AA3C\05-2049 McCullough v. US e dismissed as untimely.wpd